```
              IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                    *
USL FINANCIALS, INC.,               *
      Plaintiff,                    *
v.                                  *    CIVIL NO.: WDQ-05CV-2298
COOK COUNTY, ILLINOIS,              *
      Defendants.                   *
*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

USL Financials ("USL") has sued Cook County, Illinois ("Cook County") for breach of contract, *quantum meruit* and unjust enrichment. Pending is Cook County's motion to dismiss for lack of personal jurisdiction and improper venue. For the following reasons Cook County's motion to dismiss will be granted in part and denied in part and this action will be transferred to the United States District Court for the District of Illinois.

I. Background

USL is a Maryland corporation that provides computer based accounting and financial management services to state and local governments. Complaint, ¶ 2. In April and August, 1999, Cook County contracted with USL for equipment and services to upgrade the general ledger and cashiering systems of the Cook County Treasurer's Office (the "GL Contract" and "Cashiering Contract").

*Id* at ¶¶ 6-10, 28,29.  USL also alleges that Cook County orally contracted with USL for additional materials, equipment and services outside the scope of the GL and Cashiering contracts. *Id* at ¶ 47.

Work began on the GL and Cashiering contracts in the summer of 1999.  Karahalios Affidavit, ¶ 11.  According to Cook County, USL soon fell behind schedule and its performance was unsatisfactory.  *Id* at ¶ 13.  Cook County discharged USL before the expiration of the contracts.  *Id* at 4.  In January, 2003, USL sued Cook County for breach of contract in the United States District Court for the Northern District of Illinois.  *Id* at ¶ 16.  USL voluntarily dismissed its Complaint, without prejudice, when the Court directed USL to secure new counsel (USL's counsel at the time had a conflict of interest).

On May 21, 2004 USL petitioned for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Maryland.  On March, 2005 USL brought this suit in the Bankruptcy Court; Cook County moved to dismiss in August, 2005. On January 5, 2006 this Court withdrew the reference of this adversary proceeding to the Bankruptcy Court.

II. Analysis

Cook County has moved to dismiss the Complaint arguing that the Court lacks personal jurisdiction over Cook County, and that

2

the parties are subject to forum selection clauses designating Illinois as the exclusive jurisdiction for litigation arising out of the contracts. USL argues in response that Cook County has sufficient contacts with Maryland for the Court to exercise personal jurisdiction; 2) application of the forum selection clause in the GL contract would be unreasonable; and 3) the Cashiering Contract lacks a forum selection clause.

A. Lack of Personal Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(2) a district court may dismiss a claim for lack of personal jurisdiction. The plaintiff bears the burden of proving the grounds for jurisdiction by a preponderance of the evidence. *Carefirst of Maryland v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003); *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993); *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When the Court decides a pretrial personal jurisdiction motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *Carefirst,* 334 F.3d at 396; *Combs,* 886 F.2d at 676. In deciding whether the plaintiff has made the requisite showing, the court must construe all disputed facts and reasonable inferences in favor of the plaintiff. *Id.*

The exercise of personal jurisdiction over a nonresident

3

defendant must comply with the requirements of Maryland's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Carefirst,* 334 F.3d at 396; *Hill v. Brush Engineering*, 383 F.Supp.2d 814, 817 (D.Md. 2005). Maryland's long-arm statute (Maryland Code Annotated, Courts & Judicial Procedure § 6-103) permits the exercise of personal jurisdiction to the limits set by the Due Process Clause. *Carefirst,* 334 F.3d at 396; *Hill,* 383 F.Supp.2d at 817; *Mohamed v. Michael*, 279 Md. 653, 370 A.2d 551, 553 (Md. 1977); *Geelhoed v. Jensen*, 277 Md. 220, 224, 352 A.2d 818 (Md. 1976).

A court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has had such minimum contacts with the forum that subjecting him to jurisdiction there does not offend traditional notions of fair play and substantial justice. *Carefirst,* 334 F.3d at 397 (*citing Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945)). The quality and nature of the defendant's contacts with the state must be such that it could reasonably expect to be haled into court there. *Shamsuddin v. Vitamin Research Products,* 346 F.Supp.2d 804, 807 (D.Md. 2004).

If the suit arises out of defendant's contacts with the state, the court may have specific jurisdiction. *Helicopteros Nacionales de Colombia., S.A., v. Hall*, 466 U.S. 408, 414-415 (1984); *Carefirst,* 334 F.3d at 397. In determining whether

4

specific jurisdiction exists, courts consider: 1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; 2) whether the plaintiff's claims arise out of those activities directed at the state; and 3) whether the exercise of personal jurisdiction would be constitutionally reasonable. *Carefirst*, 334 F.3d at 397; *ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707 (4th Cir. 2002).

Cook County argues that the Court may not exercise personal jurisdiction because: 1) USL's principal place of business was in Virginia at the time the contract was negotiated and performed; 2) the contract was negotiated in Illinois; 3) all goods and services were provided in Illinois; and 4) all communication between the parties was initiated either in Virginia or Illinois.

USL argues in response that: 1) it is incorporated in Maryland; 2) has offices in Maryland; 3) Cook County solicited its services in Maryland; and 4) the contracts were initially negotiated in Maryland.

Although the parties disagree about whether a Cook County representative traveled to Maryland to negotiate the contract and whether that representative had the authority to negotiate the contract, in the context of this motion to dismiss the Court must construe all disputed facts and inferences therefrom in favor of USL. Assuming that USL is a Maryland corporation, that Cook

5

County sent a representative to solicit USL services in Maryland and entered into contract negotiations in Maryland, there were sufficient contacts between Cook County and this district for personal jurisdiction.

B.  Enforceability of the Forum Selection Clauses

Cook County has also moved to dismiss the Complaint under Rule 12(b)(6)(failure to state a claim), Rule 12(b)(3)(improper venue), or Rule 12(b)(1)(lack of subject matter jurisdiction), arguing that the GL and Cashiering contracts contain forum selection clauses that require litigation of any dispute in Illinois.  USL has responded, arguing that enforcement of the forum selection clause of the GL Contract would be unreasonable and the Cashiering Contract and the oral contract lack forum selection clauses.

Forum selection clauses are presumptively valid and "should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."  *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10 (1972), *see also Allen v. Lloyd's of London,* 94 F.3d 923 (4th Cir. 1996).  Unreasonableness may be found when: 1) formation of the contract was induced by fraud; 2) the complaining party will be deprived of its day in court because of the inconvenience or unfairness of the forum; 3) the fundamental unfairness of the chosen law may deprive the

plaintiff of a remedy; or 4) enforcement would contravene a strong public policy of the forum state.  *Allen,* 94 F.3d 923.

    1.   The GL Contract

The GL contract includes a "Governing Law" section that provides that:

> The Contractor irrevocably agrees that, subject to the County's sole and absolute election, any action or proceeding in any way, manner or respect arising out of the Contract, or arising from any dispute or controversy arising in connection with or related to the Contract, shall be litigated only in courts within the City of Chicago, County of Cook, State of Illinois, and the Contractor consents and submits to the jurisdiction thereof.

Contract for Service, Document No. 99-43-957, GC-29.

On its face, this section requires adjudication of all disputes in Cook County.  Although USL argues that enforcement of the provision would be unreasonable, there has been no allegation that formation of the contract was induced by fraud; that litigating the case in Illinois would be unduly inconvenient; that the law of Illinois would deprive USL of a remedy; or that enforcement of the provision would violate Maryland public policy.  Accordingly, the forum selection clause of the GL Contract is enforceable.

    2.   The Cashiering System Contract

The Cashiering Contract also contains a "Governing Law" provision, although this provision provides that:

7

> This agreement will be interpreted under and governed by the laws of the state of Illinois. Venue shall be proper in a court of competent jurisdiction located within the County of Cook, Illinois.

Contract for Service, Document No. 99-43-1440, GC-46.

Cook County argues that the forum selection clause is mandatory, requiring litigation of all controversies in Cook County. USL argues that the provision is permissive, providing only that disputes *may* be brought in Illinois courts.

The Fourth Circuit has held that the use of "shall" or "shall be" generally indicates a mandatory intent. *Sterling Forest Associates, Ltd., v. Barnett-Range Corp.,* 840 F.2d 249 (4th Cir. 1988) *reversed on other grounds,* 490 U.S. 495 (1989)(forum selection clause providing that "venue shall be in California" was mandatory); *see also Milk n' More, Inc. v. Beavert,* 963 F.2d 1342 (10th Cir. 1992)(provision that "venue shall be proper under this agreement in Johnson County, Kansas" was mandatory); *Davis Media Group v. Best Western International, Inc.,* 302 F.Supp.2d 464 (D.Md. 2004)(provision that "all suits...shall be subject to the jurisdiction of the Courts of the State of Arizona" was mandatory).

In addition, USL's construction of the provision as permissive would render the forum selection clause meaningless, insofar as venue in Cook County would be proper. As clauses knowingly incorporated into a contract should not be treated as surplusage, the provision was clearly intended to be mandatory.

*Sterling,* 840 F.2d 249; *Davis,* 302 F.Supp.2d 464.

As the forum provision clause of the Cashiering Contract was mandatory and because enforcement of the provision would not be unreasonable, the forum selection clause of the Cashiering Contract is enforceable.

C. Motion to Transfer

As the forum selection clauses of the GL and Cashiering contracts are enforceable, USL's complaint may be dismissed on the basis of improper venue pursuant to Rule 12(b)(3). *Davis,* 302 F.Supp.2d 464; *Eisaman v. Cinema Grill Systems, Inc.,* 87 F.Supp.2d 446 (D.Md. 1999). The Court may also, *sua sponte*, transfer the action under 28 U.S.C. § 1404(a) "for the convenience of the parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a); *Feller v. Brock,* 802 F.2d 722 (4th Cir. 1986); *Kotler v. Pacific Asian Enterprises, Inc,* 2002 WL 31387299 (W.D.N.C. 2002).[1]

In deciding whether to dismiss or transfer for improper venue, "the usual procedure should be transfer rather than dismissal." *Davis,* 302 F.Supp.2d at 470.

---

[1] Although the parties may be heard when the motion to transfer is raised by the court *sua sponte, Feller,* 802 F.2d 722, given the extensive briefing on the forum selection clauses, the Court does not require further argument about the inconvenience of litigating this action in Illinois. *Kotler,* 2002 WL 31387299.

9

In determining whether to transfer a suit, courts consider: 1) the weight accorded the plaintiff's choice of venue; 2) witness convenience and access; 3) convenience of the parties, and 4) the interests of justice. *Lynch v. Vanderhoeff Builders*, 237 F.Supp.2d 615 (D.Md. 2002). Although not dispositive, an enforceable forum selection clause "will be a significant factor that figures centrally in the district court's calculus." *Stewart Organization, Inc. v. Ricoh Corporation,* 487 U.S. 22, 29 (1988); *BHP International Investment, Inc. v. Online Exchange, Inc.,* 105 F.Supp.2d 493 (E.D.Va. 2000).

1. Plaintiff's Choice of Venue

Although a plaintiff's choice of venue is normally accorded considerable weight, "when a forum-selection clause is part of the balancing...it is more logical to consider the plaintiff's initial choice of forum to be the forum that is contractually agreed upon." *Republic Mortgage Insurance. Co. v. Brightware, Inc.*, 35 F.Supp.2d 482, 486 (M.D.N.C.,1999); *see also Davis,* 302 F.Supp.2d 264; *AC Controls Company, Inc. v. Pomeroy Computer resources, Inc.,* 284 F.Supp.2d 357 (W.D.N.C. 2003). As the GL and Cashiering contracts contain enforceable forum selection clauses that require litigation of disputes arising out of the contracts in Cook County, this factor favors transfer.

2.  Convenience of Witnesses and Parties

   USL has offices in Maryland; Cook County's employees and records are located in Illinois.  As a result, one party and its witnesses will be inconvenienced regardless of the forum.  Accordingly, the Court finds this factor neutral.

3.  Interests of Justice

   Consideration of the interests of justice "is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties."  *Board of Trustees, Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning,* 702 F.Supp. 1253, 1260 (E.D.Va.,1988).  Factors include the court's familiarity with the applicable law, the possibility of an unfair trial and the possibility of harassment.  *Id.*

   Although there has been no allegation that Cook County cannot receive a fair trial or will be harassed in this district, the GL and Cashiering Contracts explicitly require interpretation of Illinois law.  GL Contract, GC-29; Cashiering Contract, GC-46.  This factor favors transfer.

   Although there is no allegation that the oral contract included a forum selection clause, litigating those claims along with the GL and Cashiering contract claims would be in the interest of judicial economy.

11

III.  Conclusion

    Cook County's motion to dismiss will be denied in part and granted in part and this action will be transferred to the United States District Court for the Northern District of Illinois.


March 2, 2006                                        /s/
Date                                            William D. Quarles, Jr.
                                                United States District Judge